UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

Case No.

REGIONS BANK,

 Plaintiff,

vs.

MI PULPE, LLC, a Florida limited
liability company; and
and MARCO ANTONIO VILLAR MONDRAGON
a/k/a MARCO ANTONIO VILLAR, individually,

 Defendants.

_____/

## COMPLAINT

Plaintiff Regions Bank ("Regions") sues MI PULPE, LLC ("Mi Pulpe") and MARCO

ANTONIO VILLAR MONDRAGON a/k/a MARCO ANTONIO VILLAR ("Villar"), and avers:

### Parties, Jurisdiction and Venue

1. This is an action for damages exceeding $75,000, exclusive of interest and costs.

2. Regions is a banking corporation organized and existing under the laws of

Alabama, with its principal place of business in Birmingham, Alabama.  Regions is a citizen of

Alabama.

3. Mi Pulpe is a limited liability company organized and existing under the laws of

Florida, whose principal place of business in Miami, Florida. Mi Pulpe's members, Villar, who

owns 90% of the membership interest, and Juan Zelaya, who owns 5% of the membership interest,

1

are citizens of Florida. Mi Pulpe's other member, Jose Pineda, who owns 5% of the membership interest, is a citizen of a state other than Alabama.  Accordingly, Mi Pulpe is a citizen of Florida.

4.       Villar is an individual domiciled in Miami, Florida, and is a citizen of Florida.

5.       Villar is the managing member of Mi Pulpe.

6.       The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between Regions, a citizen of Alabama, and defendants who are citizens of Florida.

7.       Venue is appropriate pursuant to (a) 28 U.S.C. § 1391(b)(2) as a substantial part of the events in question giving rise to the claims occurred, or a substantial part of the property that is the subject of this action is situated in this district, or (b) § 1391(b)(3) because one or more defendants is subject to the Court's personal jurisdiction with respect to this action.

### Facts

### The Demand Line of Credit Obligation

8.       On or about March of 2021, Mi Pulpe requested and obtained a line of credit ("Loan") from Regions in the principal amount of $2,500,000.00, which was subsequently increased to $4,500,000.00 on March 1, 2022.

9.       On March 1, 2022, Mi Pulpe and Villar executed and delivered to Regions, in Miami, Florida, the following documents in connection with the Loan at issue in this lawsuit:

(a)       Mi Pulpe executed and delivered to Regions a demand promissory note ("Note") in the original maximum principal amount of $4,500,000.00.  A true and correct copy of the Note is attached hereto as Exhibit "A."

(b)      Mi Pulpe and Regions entered into a Business Loan Agreement ("Loan Agreement") in connection with the Loan. A copy of the Loan Agreement is attached hereto as Exhibit "B."

(c)      To induce Regions to make the Loan, Villar executed and delivered a commercial guaranty ("Guaranty") in which Villar unconditionally guaranteed all of Mi Pulpe's indebtedness to Regions, then existing or thereafter arising or acquired, including under the Note. A true and correct copy of the Guaranty is attached hereto as Exhibit "C".

(d)      To induce Regions to make the Loan and to secure Mi Pulpe's indebtedness to Regions, then existing or thereafter arising or acquired, including under the Note, Mi Pulpe executed and delivered to Regions a Security Agreement, a true and correct copy of which is attached as Exhibit "D", granting Regions a first priority security interest in all of Mi Pulpe's personal property, wherever located, including, *inter alia*, then existing and future inventory, accounts and other rights of payment,  general intangibles, and equipment, and all proceeds thereof (collectively, "Collateral").

10.      On or around April 16, 2021, August 20, 2021 and September 16, 2021, in order to perfect its security interest in the Collateral, Regions filed its UCC-1 Financing Statements (collectively, "UCC-1s"), attached as Composite Exhibit "E", with the Florida Secured Transaction Registry.

11.      At the request of Borrower, Regions disbursed the full $4,500,000.00 in principal under the Loan that remains unpaid.

12.      Mi Pulpe defaulted on the Loan by, *inter alia* : (i) failing to promptly inform Regions in writing of multiple litigation actions filed against it and Villar by creditors and affecting the Collateral for the Loan; (ii) allowing itself to be acquired by another company without Regions'

3

prior written consent; (iii) selling, transferring, disposing, and further encumbering and pledging the Collateral to other third parties, outside of Mi Pulpe's ordinary course of business, without Regions' prior written consent; (iv) failing to provide Regions with its required monthly Borrowing Base Certificate, supporting Accounts Receivable Aging Report and Inventory Report for September 30th of this year; (v) failing to make payment of the unpaid balance of the Purchasing Card when due; (vi) causing an unpaid overdraft balance to exist and continue in its deposit account; and (vii) causing or allowing certain adverse actions and changes in its business to occur and be continuing which Regions reasonably believes will materially affect Mi Pulpe's ability to pay the Loan as well as puts Regions' interest in the Collateral at risk.

13.     As a consequence of these defaults, Regions elected to accelerate the maturity of the Loan and made demand to Mi Pulpe and Villar for immediate payment in full of the amounts due on the Loan, The Purchasing Card and the overdraft through a default and demand letter dated October 28, 2022 ("Demand Letter"), delivered to Mi Pulpe and Villar. A true and correct copy of the Demand Letter is attached as Exhibit "F."

<b><u>The Purchasing Card Obligation</u></b>

14.     On or about August 16, 2021, Mi Pulpe and Regions entered into a Commercial Card Agreement, in Miami, Florida, whereby Regions provided Mi Pulpe with a purchase credit card account ("Purchase Card") with a credit limit of up to $450,000.00 to allow Mi Pulpe to make purchases and cash advance transactions for its business operations. A true and correct copy of the Commercial Card Agreement is attached hereto as Exhibit "G."

15.     Mi Pulpe breached the Commercial Card Agreement by failing to make its monthly payments due for September and October, 2022.

16.	Mi Pulpe has made charges on the Purchase Card of $454,056.21, which remain unpaid.

17.	On October 28, 2022, Regions sent its Demand Letter to Mi Pulpe and Villar demanding that Mi Pulpe and Villar pay the unpaid principal and interest owing under the Purchase Card, but Mi Pulpe and Villar failed to do so.

18.	Regions is the owner and holder of the Note, the Guaranty, the Security Agreement, all other related loan documents and the Commercial Card Agreement.

19.	Regions has retained Garbett, Allen & Roza, P.A. to represent it in this action and is obligated to pay reasonable attorney's fees for services rendered.

20.	All conditions precedent to this action have occurred or been waived.

21.	Mi Pulpe and Villar have not responded to the Demand Letter and have failed to return any of Regions' phone calls.

22.	Upon information and belief, Mi Pulpe has vacated its principal place of business located at 3501 N.W. 67th Street, #B, Miami, Florida 33147, and has transferred and/or removed all of the Collateral.

### COUNT I

### Action Against Mi Pulpe on the Note

23.	Regions reavers paragraphs 1-9, 11-13 and 18-21 in support of this Count.

24.	This count seeks damages against Mi Pulpe for all amounts due and owing under the Note.

25.	There is now due and owing to Regions under the Loan the principal amount of $4,500,000.00, plus interest, late fees, costs and reasonable attorney's fees pursuant to the terms of the Note and the other loan documents.

## COUNT II

### Action Against Mi Pulpe on the Commercial Card Agreement

26.     Regions reavers paragraphs 1-7, 9, and 14-21 in support of this Count.

27.     This count seeks damages against Mi Pulpe for all amounts due and owing under the Commercial Card Agreement.

28.     There is now due and owing to Regions under the Commercial Card Agreement the principal amount of $454,056.21, plus interest, costs and reasonable attorney's fees pursuant to the terms of the Commercial Card Agreement.

## COUNT III

### Action Against Villar on the Guaranty

29.     Regions reavers paragraphs 1-9, 11-13 and 18-21 in support of this Count.

30.     This count seeks damages against Villar pursuant to the Guaranty.

31.     Under the Guaranty, Villar is immediately and unconditionally liable to Regions for Mi Pulpe's obligations under the Note and the Commercial Card Agreement.

WHEREFORE, Regions demands judgment as follows:

I.      On Count I, for damages against Mi Pulpe under the Note in the principal amount of $4,500,000.00, plus interest, late fees, costs and reasonable attorney's fees;

II.     On Count II, for damages against Mi Pulpe under the Commercial Card Agreement in the principal amount of $454,056.21, plus interest, late fees, costs and reasonable attorney's fees;

6

III.    On Count III, for damages against the Villar under the Guaranty in the principal amount of $4,954,056.21, plus interest, late fees, costs and reasonable attorney's fees; and

IV.    On all counts, for such other and further relief as may be available to Regions.

Dated:  December 1, 2022.

Respectfully Submitted,

**GARBETT, ALLEN & ROZA, P.A.**
*Counsel for Regions*
Brickell City Tower – Suite 3100
80 SW 8th Street
Miami, Florida 33130
Telephone: (305) 579-0012
Telefax: (305) 579-4722
E-mail:  froza@garlawfirm.com
E-mail:  zgabsi@garlawfirm.com

By:        */s/ Francisco J. Roza*
**FRANCISCO J. ROZA**
Florida Bar No.:  880310
**ZINA GABSI**
Florida Bar No.:  73789

7