UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 22-23920-CIV-MARTINEZ-BECERRA

REGIONS BANK,

     Plaintiff,

vs.

MI PULPE, LLC, a Florida limited liability
company; and MARCO ANTONIO VILLAR
MONDRAGON a/k/a MARCO ANTONIO
VILLAR, individually,

     Defendants.

_____/

**REGIONS BANK'S AMENDED MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Regions Bank ("Regions") moves this Court, pursuant to the Court's August 21, 223 Order [D.E. 27], for entry of an order awarding its reasonable attorneys' fees and costs. In support of its motion, Regions has submitted the Declaration of Francisco J. Roza, Esq. ("Declaration") and would show the Court as follows:

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On October 14, 2022, Regions learned that its parent company, Regions Financial Corporation, had been purportedly served with a preliminary injunction order issued by the Supreme Court of the State of New York County of Ontario in a lawsuit that had been filed by a merchant cash advance company ("MCA") against the Defendants. Through the investigation conducted by Regions' counsel, Garbett, Allen & Roza, P.A. ("GAR"), Regions uncovered that the Defendants: (i) had been selling their account receivables and transferring the proceeds thereof, all of which Regions had a first priority security interest in, to this MCA; (ii) had

discontinued their operations in Miami, Florida; (iii) had removed their inventory and other personal property which was also subject to Regions' superior security interest and (iv) had relocated to Texas. All of these actions were in violation of the terms and conditions of its Loan with Regions. Thereafter, GAR, on behalf of Regions, sent a default and demand letter to the Defendants, which was ignored.

On December 1, 2022, Regions filed a three-count complaint against Defendants [D.E. 1]. In Count I, Regions sought damages against Mi Pulpe in the principal amount of $4,500,00.00, plus interest, costs and reasonable attorney's fees, for failing to pay on a promissory note (the "Note"). In Count II, Regions sought damages against Mi Pulpe in the principal amount of $454,056.21, plus interest, costs and reasonable attorney's fees, for failing to pay on a commercial card (the "Purchase Card"). In Count III, Regions sought damages against Villar under a guaranty for repayment of the Note balance due of $4,500,00.00 and $454,056.21 due on the Purchase Card, plus interest, costs and reasonable attorney's fees. Initially, Regions' counsel had difficulty in locating the whereabout of the Defendants but after several attempts it was able to achieve service of process of the pleadings on the Defendants.

On February 10, 2023 Regions filed its Motion for Final Default Judgment and Incorporated Memorandum of Law which included a request for attorneys' fees. [D.E. 15]. On February 10, 2023 Regions filed the Affidavit of Francisco J. Roza, Esq. in support of its request for attorneys' fees. [D.E. 17].  On June 29, 2023 Regions filed the Supplemental and Amended Affidavit of Francisco J. Roza, Esq. [D.E. 24]. On August 2, 2023 the Honorable Jacqueline Becerra, U.S. Magistrate Judge, issued a Report and Recommendation ("R&R") recommending that final default judgment be granted in favor of Regions on all Counts of the Complaint, denying Regions' request for attorneys' fees without prejudice and ordering Regions to resubmit by a

GARBETT, ALLEN & ROZA, P.A., ATTORNEYS AT LAW
80 SOUTHWEST EIGHTH STREET, SUITE 3100, MIAMI, FLORIDA 33130 • TELEPHONE (305) 579-0012

separate motion a reasonable request for attorneys' fees and costs. [D.E. 26, at IV(3)]. No objections were filed and the Court adopted the R&R on August 21, 2023. [D.E. 27].

## II.     MEMORANDUM OF LAW

### A.     Legal Standard

Upon entry of default final judgment, Regions is entitled to its attorneys' fees and costs. "Under Florida law, a contractual attorney's fee provision must be strictly construed." *Regions Bank v. Kaplan*, 8:12-CV-1837-T-17MAP, 2018 WL 4403828, *3 (M.D. Fla. June 25, 2018), *report and recommendation adopted*, 8:12-CV-1837-T-17MAP, 2019 WL 1417851 (M.D. Fla. Mar. 29, 2019) *quoting Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2015 WL 12839237, at * 2 (M.D. Fla. June 10, 2015). The Note provides that Regions as Lender "may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender the amount of these costs and expenses, which includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses…". [D.E. 17, Exhibit A at p. 2.].  The Guaranty similarly provides that "Guarantor agrees to pay upon demand all of Lender's costs and expenses, including Lender's reasonable attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty." [D.E. 17, Exhibit C at p. 2.]. "[A] court may hold a hearing to assess damages, but a hearing is not required where sufficient evidence is submitted to support the claimed damages." *Gridley IP LLC v. Cabconnect, Inc.*, 8:21-CV-265-CEH-AEP, 2021 WL 3602805, *1 (M.D. Fla. Aug. 13, 2021) (citations omitted).

In determining a fee award, this Circuit uses the lodestar method, multiplying the reasonable hours by the reasonable hourly rates. *Nelson v. BP Expl. & Prod. Inc.*, 2019 WL 2864768, at *1 (S.D. Fla. 2019) (citing *Norman v. Housing Authority of City of Montgomery*, 836

F.2d 1292 (11th Cir. 1988)).  The reasonable hourly rate is the prevailing rate in the district for similar services by lawyers of comparable skill, experience and reputation.  *See Blum v. Stenson*, 465 U.S. 886 (1984).  In determining the lodestar, the Court may consider the factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).   *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 (11th Cir. 1999).[1]   "[T]he court itself is an attorneys' fees expert and may consider its own knowledge and experience concerning reasonable and proper fees." *Kaplan*, 2018 WL 4403828, at *5. Regions bears the burden of documenting hours and rates, *Hopkins Props., LLC v. Geddings*, 2013 WL 4413350, at *3 (M.D. Fla. 2013) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)), the latter "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." *Hopkins*, *supra*, 2013 WL 4413350, at *3 (quoting *Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l.*, 2010 WL 98991, at *4 (M.D. Fla. 2010)). The Court can make determinations as to reasonableness of the hourly rates charged from a review of an Affidavit or Declaration, corresponding invoices and firm website. *Beauvais v. Amisial Medspa, LLC*, 22-CV-23708, 2023 WL 4033179, *5 (S.D. Fla. May 22, 2023), *report and recommendation adopted*, 22-23708-CV, 2023 WL 4019578 (S.D. Fla. June 15, 2023) quoting *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996).

B.    **Background of GAR Professionals.**

---

[1]  These are: (1) the time and labor required; (2) novelty and difficulty of issues; (3) skill requisite to perform legal service properly; (4) preclusion of employment due to case; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) experience, reputation, and ability of attorneys; (10) "undesirability" of case; (11) nature and length of the professional relationship with client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

GAR's litigation team for this case consisted of three lawyers and a senior paralegal, although the majority of the work was handled by only two attorneys.  Lead counsel, Francisco J. Roza ("Roza"), was the primary lawyer involved in all phases of the action and developing the strategy for prosecuting this action.  Roza graduated from the University of Florida College of Law and was admitted to the Florida Bar in 1991.  He is also admitted to the bars of the Supreme Court, the U.S. Court of Appeals for the Eleventh Circuit, and the United States District Courts for the Southern and Middle Districts of Florida.  He has 32 years of experience practicing complex commercial litigation in both state and federal courts. Roza was formerly the regional general counsel for Regions' predecessor, Union Planters Bank, N.A., and has a lot of experience representing financial institutions since 1998. His further experience and achievements are described at www.garlawfirm.com.

Zina Gabsi ("Gabsi") participated in all phases of the action.  She graduated from the University of Florida College of Law and was admitted to the Florida Bar in 2009.  She is also admitted to the bars of the Supreme Court, the U.S. Court of Appeals for the Eleventh Circuit, and the United States District Courts for the Southern, Middle and Northern Districts of Florida. Gabsi has 14 years of experience practicing complex commercial litigation in both state and federal court. She too represents financial institutions on a variety of matters and has represented Regions on numerous matters since joining GAR in 2020.

David S. Garbett participated throughout some of the phases of the action and co-developed the strategy for prosecution with Mr. Roza.  He graduated *cum laude* from University of Miami Law School, was a member-editor of the Law Review, and admitted to the Florida Bar in 1982. He is also admitted to the bars of the Supreme Court, the U.S. Court of Appeals for the Eleventh and Sixth Circuits, and the United States District Courts for the Southern and Middle Districts of

GARBETT, ALLEN & ROZA, P.A., ATTORNEYS AT LAW
80 SOUTHWEST EIGHTH STREET, SUITE 3100, MIAMI, FLORIDA 33130 • TELEPHONE (305) 579-0012

Florida.  He has 41 years of experience in complex commercial litigation in both federal and state court, with a particular emphasis on representing financial institutions in UCC-related disputes and has successfully tried several bench and jury cases.  His further experience and achievements are described at www.garlawfirm.com.  He has represented Regions through its various predecessor banks since 1982.

Gemma Guzman ("Guzman"), a GAR senior paralegal, participated in all phases of this action.  She graduated from Miami-Dade College in 2004 with an AA in Business Administration. She obtained a Paralegal Certificate from Florida International University in 2009 and is a Registered Paralegal with the Florida Bar since 2012.  She has been a litigation paralegal since May 2008.

### C.      Hourly Rates.

In this engagement, GAR charged Regions discounted rates as follows: Roza: $450; Garbett: $485; Gabsi: $350 and Guzman: $185. Roza Decl. at ¶ 5. These rates are consistent with reasonable rates in this district for comparable services.

### D.      GAR's Hours Were Reasonable.

The time worked by GAR directly related to investigating the default events caused by the Defendants, preparing for this action, filing the complaint, obtaining service of process, preparing and filing motions and memorandums of law in order to obtain defaults and subsequently a default final judgment against the Defendants totaled 86.9 hours. Roza Decl. at ¶ 5. Roza's hours totaled 51.5; Gabsi's hours totaled 25; Garbett's hours totaled 2.2 and Guzman's hours totaled 8.2. Roza Decl. at ¶ 5.  Applying the average hourly rate of $367.50, the total attorney's fees sought to be awarded is $34,509.00. Roza Decl. at ¶ 5.  Regions respectfully contends that this is reasonable and that the work performed was relevant to the ultimate strategy pursued against the Defendants.

GARBETT, ALLEN & ROZA, P.A., ATTORNEYS AT LAW
80 SOUTHWEST EIGHTH STREET, SUITE 3100, MIAMI, FLORIDA 33130 • TELEPHONE (305) 579-0012

E.      **Costs and Expenses**.

Fed. R. Civ. P. 54(d) provides that a prevailing party is entitled to costs as a matter of course, and the losing party bears the burden of demonstrating that costs, in whole or in part, are not taxable. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). There is a strong presumption in favor of awarding costs. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citation omitted); *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).

The following costs are permitted to be taxed under 28 U.S.C. § 1920:

(1)     Fees of the clerk and marshal;

(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title; and

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Regions expended the following taxable costs under 28 U.S.C. § 1920 in connection with its action:

| *Summary of Taxable Costs* | |
| --- | --- |
| **Expenses** | **Amount** |
| Fees of the Clerk | $402.00 |
| Service Fees | $425.00 |
| **Total:** | **$827.00** |

## CONCLUSION

7

The Court should award reasonable attorneys' fees, costs and expenses against the Defendants and enter a judgment awarding attorney's fees and costs in favor of Regions, against the Defendants.

Respectfully Submitted,

**GARBETT, ALLEN & ROZA, P.A.**
*Counsel for Regions*
Brickell City Tower – Suite 3100
80 SW 8th Street
Miami, Florida 33130
Telephone: (305) 579-0012
Telefax: (305) 579-4722
E-mail:  froza@garlawfirm.com
E-mail:  zgabsi@garlawfirm.com

By: */s/ Francisco J. Roza*
**FRANCISCO J. ROZA**
Florida Bar No.:  880310
**ZINA GABSI**
Florida Bar No.:  73789

**SERVICE LIST**

Marco Antonio Villar Mondragon
a/k/a Marco Antonio Villar
28639 Clear Wood Drive
Spring, Texas 77386

Mi Pulpe, LLC
28639 Clear Wood Drive
Spring, Texas 77386

GARBETT, ALLEN & ROZA, P.A., ATTORNEYS AT LAW
80 SOUTHWEST EIGHTH STREET, SUITE 3100, MIAMI, FLORIDA 33130 • TELEPHONE (305) 579-0012